UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DESTINEY G.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendants.

Case No. C22-519 TLF

ORDER

Plaintiff has brought this matter for judicial review of defendant's denial of her applications for disability insurance (DIB) and supplemental security income (SSI) benefits.

The parties have consented to have this matter heard by the undersigned Magistrate Judge. 28 U.S.C. § 636(c); Federal Rule of Civil Procedure 73; Local Rule MJR 13. As discussed below, the Court has reviewed the record, and the briefs of the parties, and there is substantial evidence to support the ALJ's decision. The ALJ did not err, and the disability determination is AFFIRMED.

        I.    <u>ISSUES FOR REVIEW</u>

    A. Whether the ALJ Reasonably Evaluated Plaintiff's Step Two Impairments

    B. Whether the ALJ Properly Considered Plaintiff's Subjective Complaints

    C. Whether the ALJ Failed to Properly Consider Plaintiff's Use of a Cane

        II.    <u>BACKGROUND</u>

ORDER - 1

On May 15, 2019, plaintiff filed a Title II application for a period of disability and disability insurance benefits (DIB) and a Title XVI application for supplemental security income (SSI), alleging a disability onset date of May 12, 2019. Administrative Record ("AR") 17.

Plaintiff's application was denied initially and on reconsideration. AR 17. Administrative Law Judge ("ALJ") Terrance Hugar held a hearing on December 11, 2020, and issued a decision on February 25, 2021 finding plaintiff not disabled. AR 17-32.  Plaintiff now seeks judicial review of the ALJ's decision. Dkt. 4.

### III.   STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations omitted).

### IV.   DISCUSSION

**A. Whether the ALJ Reasonably Evaluated Plaintiff's Step Two Impairments**

Plaintiff argues that the ALJ did not accurately portray the medical evidence, and misunderstood plaintiff's rare disorder – hemiplegic migraines. Dkt. 10 at 5. Specifically, plaintiff argues that the ALJ erred in naming her neurological impairment at step 2 as hemiplegic migraines *with* atypical left side weakness. Plaintiff claims the ALJ created a "new diagnosis" by calling it a hemiplegic migraine with atypical left side weakness rather than only, hemiplegic migraines.

ORDER - 2

While plaintiff is correct in stating that the state agency consultants did not have the benefit of reviewing medical evidence after plaintiff was formally diagnosed with hemiplegic migraines, the ALJ did have such benefit and did review medical evidence from both before and after plaintiff's formal diagnosis. *See* AR 20, 25-26; *Howard ex rel. Wolff v. Barnhart*, 341 F.3d 2003 (9th Cir. 2003) ("In making a determination of disability, the ALJ must develop the record and interpret the medical evidence. In doing so, the ALJ must consider the "combined effect" of all the claimant's impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity."). There is no indication that the ALJ misunderstood the nature of plaintiff's impairments; the ALJ, for example, did not state that the doctors' diagnoses of hemiplegic migraines were unreliable. Absent other evidence, the ALJ's naming of plaintiff's impairment as "hemiplegic migraines with atypical left side weakness" does not indicate any error in the ALJ"s determination of plaintiff's RFC or any other part of the analysis. *See Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017).

**B. Whether the ALJ Properly Considered Plaintiff's Subjective Complaints**

Plaintiff assigns error to the ALJ's evaluation of her symptom testimony. Specifically, plaintiff states that the ALJ improperly rejected plaintiff's complaints regarding her migraines, fatigue, and hand limitations. Dkt. 10, at 6.

In weighing a plaintiff's testimony, an ALJ must use a two-step process. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 217). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014). If the first step is satisfied, and provided there is no

ORDER - 3

evidence of malingering, the second step allows the ALJ to reject the claimant's testimony of the severity of symptoms if the ALJ can provide specific findings and clear and convincing reasons for rejecting the claimant's testimony. *Id. See Verduzco v. Apfel*, 188 F.3d 1087, 1090 (9th Cir. 1999) (inconsistent testimony about symptoms is clear and convincing reason to discount subjective allegations). The ALJ is required to state what testimony he or she determined to be not credible and point to the evidence that undermines the plaintiff's credibility. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The Court finds that the ALJ provided specific, clear, and convincing reasons, based on substantial evidence, for discounting plaintiff's subjective complaints. The ALJ discounted plaintiff's subjective testimony based on the following: (1) exacerbations of her symptoms due to migraines and fatigue occurred only occasionally; (2) her migraines resolved with medication; (3) her gait improved with physical therapy; and (4) plaintiff was able to engage in part-time work. AR 25-26.

The ALJ reasonably found plaintiff's testimony of severe daily migraines and fatigue was contradicted by the medical evidence of occasional migraine and fatigue reports. AR 749, 1106. "Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony." *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008). Contrary to her testimony that her migraines occurred daily and were severe, plaintiff reported to medical providers that her symptoms happened either "a few times per week" or "few times per day" and would last for "15-30 minutes" or "seconds to few minutes". AR 749, 1106. With respect to

ORDER - 4

plaintiff's fatigue, she reported, in August 2020, only needing to nap 5-6 minutes per day because she was getting 7-9 hours of sleep per night. AR 1179.

Further, plaintiff went to the emergency room three times in 2019 for migraine-related complaints and once in 2020. AR 25-26. When she appeared with a migraine in July of 2020, after she was formally diagnosed with hemiplegic migraines, her symptoms were immediately resolved by medications. AR 1154, 1168.

The ALJ also properly found that physical therapy records supported some of plaintiff's physical limitations but not to the degree alleged. AR 27. Her physical therapy records reflect improvement in symptoms. In August 2020, after a year of physical therapy, plaintiff was only using her cane for occasional balance and fatigue. AR 1173; 1179.

Finally, the ALJ noted that plaintiff worked part-time during the relevant period as a merchandise displayer. AR 26; 809. This was based on plaintiff's testimony of having worked for almost three years (she was still employed, but on medical leave at the time of the hearing), putting newly-arrived inventory on racks for display, dressing mannequins, and preparing window displays for a clothing store. AR 206-209. The ALJ properly considered Plaintiff's ability to work during the relevant period in evaluating her subjective complaints. *Ford v. Saul*, 950 F.3d 1141, 1156 (9th Cir. 2020) ("An ALJ may consider any work activity, including part-time work, in determining whether a claimant is disabled."). See also, *Bray v. Astrue*, 554 F.3d 1219, 1227 (9th Cir. 2009) ("ALJ made specific findings in support of his decision to discount [the claimant's] testimony," including that she "recently worked as a personal caregiver for two years, and has sought out other employment since then"); see also *Greger v. Barnhart*, 464 F.3d 968,

ORDER - 5

972 (9th Cir. 2006) (ability to do carpentry work undermined complaints of disabling symptoms). The ALJ did not solely rely on plaintiff's work activity to discount her subjective complaints. And, plaintiff's ability to work after her alleged onset date does suggest that her functioning, at least at times, had been greater than alleged. AR 26.

### C.  Whether the ALJ Erred by Excluding a Cane Limitation from the RFC

Plaintiff argues the ALJ's RFC determination was erroneous because it failed to adequately address the evidence regarding plaintiff's use of a cane. Dkt. 10, at 11. The ALJ found that plaintiff has the RFC to perform light work. AR 24. Some of the exceptions included that she can never crawl or climb ladders, ropes, and scaffolds and can perform all other postural changes occasionally. *Id.* In reaching this determination, the ALJ discussed plaintiff's medical records and plaintiff's own testimony. The ALJ noted that plaintiff was able to complete all physical therapy sessions with or without a cane (AR 21) and by August 2020, she was seen barely using her cane (AR 27). Plaintiff, on the contrary, points to her testimony where she states that she uses a cane every day. AR 217.

At step four, the ALJ must identify plaintiff's functional limitations or restrictions, and assess work-related abilities on a function-by-function basis, including a required narrative discussion. *See* 20 C.F.R. §§ 404.1545, 416.945; Social Securing Ruling (SSR) 96-8p. RFC is the most a claimant can do considering his or her limitations or restrictions. SSR 96-8p. The ALJ must consider the limiting effects of all of plaintiff's impairments, including those that are not severe, in determining his RFC. §§ 404.1545(e), 416.945(e); SSR 96-8p; *Erickson v. Shalala*, 9 F.3d 813, 818 (9th Cir.

1993) ("The ALJ must consider *all factors* that might have a 'significant impact on an individual's ability to work.' ") (quoting *Varney v. Secretary of HHS*, 846 F.2d 581, 585 (9th Cir.), *relief modified*, 859 F.2d 1396 (1988)).

The use of a hand-held assistive device such as a cane is a functional limitation only if it is medically required. *See* SSR 96-9p. The evidence in the record here does not satisfy plaintiff's burden of showing an assistive device was medically required. "To find that a hand-held assistive device is medically required, there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing, and describing the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p.

None of the evidence plaintiff cites describes the circumstances in which plaintiff needs a walker or cane.  Dr. Paul prescribed the cane (AR 992), but it did not indicate duration, distance, terrain, or any other relevant information. This evidence does not satisfy SSR 96-9p. *See Sou v. Saul*, 799 Fed. Appx. 563, 564-65 (9th Cir. 2020) (holding claimant failed to show a cane was medically required where the evidence "did not describe the circumstances for which a cane was needed"). The ALJ's decision not to include use of a cane in the RFC is supported by substantial evidence.

Because the Court finds that the ALJ did not err in evaluating plaintiff's RFC, it is not necessary to further analyze the ALJ's alternate step five findings. AR 31; Dkt. 10 at 13.

ORDER - 7

## CONCLUSION

Based on the foregoing discussion, the Court finds the ALJ properly determined plaintiff to be not disabled. Defendant's decision to deny benefits therefore is AFFIRMED.

Dated this 3rd day of November, 2022.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge